[*219]    *THE PRESIDENT, DIRECTORS AND COMPANY OF THE FUL-
            TON BANK v. THE SHARON CANAL COMPANY, THE NEW
            YORK AND SHARON CANAL COMPANY AND OTHERS.

As a general rule, a mere witness cannot be made a party defendant.

But suits against corporations are exceptions to this rule. As they do not answer upon oath, the only means of obtaining a discovery from them is to make their officers and agents parties, and to compel such officers and agents to answer the bill.

The former as well as the present officers of a corporation can be made parties to a suit against such corporation, and compelled to make discovery of facts within their knowledge.

October 7th.    IN March, 1827, the complainants filed a bill in this cause against the above-named corporations. They made George W. Brown, the former president, and Matthew Reed, a former director of these companies, parties to obtain a discovery of certain transactions, in which it is alleged they were engaged as such officers. Most of the transactions referred to are previous to September, 1826.

To this bill Reed put in a plea, alleging that previous to the 14th of September, 1826, he parted with and conveyed away all his interest in the stock of these companies; since

which time he has not been a director, stockholder or member of the finance committee, or had any interest in either of the companies.

*J. Hoyt* for the complainants.

*S. P. Staples* for the defendant Reed.

THE CHANCELLOR:—The equity of the complainants' bill is not founded upon any interest which the defendant Reed has in the stock of the companies against which relief is sought. It depends upon the question whether the directors and agents of those companies had knowledge of, and sanctioned the manner in which the deposits were drawn from the Fulton bank, and whether the deposits thus drawn were applied to the purposes of those companies by the defendants Brown and Reed. This is one of the exceptions to the general rule that a mere witness cannot be made a party defendant.

*Corporations do not answer on oath, and the only way in which a discovery can be obtained from them is through the medium of their agents and officers who are acquainted with the transactions. In *Moodalay* v. *The East India Company and Morton*, (1 Bro. Ch. Rep. 469,) the secretary, having no interest in the company, was made a defendant, for the purpose of obtaining a discovery. And in *Wych* v. *Meal*, (3 P. Wms. 311,) Lord Talbot shows the reasons on which this exception to the general rule is founded. Those reasons apply as well to the former as to the present officers of the corporation, when the knowledge of the facts of which the discovery is sought rest only with such officers, and especially when it relates to their own official acts. The defendant Reed must answer the complainants' bill and make the discovery which is sought thereby. What is to be the effect of his answer as to the other defendants, and the final disposition of this suit as to himself, are questions which do not arise under this plea.

[*220]

Plea overruled with costs.